UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| RODNEY MAYS, | ) | |
| | ) | |
| Petitioner, | ) | Criminal Action No. 6: 06-426-DCR |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| LARRY CHANDLER, Warden | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of Petitioner Rodney Mays' application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Consistent with local practice, this matter was referred to United States Magistrate Judge Robert E. Wier for the preparation of a Recommended Disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Following review, Magistrate Judge Wier recommended that Mays' petition be denied and that the government's motion to dismiss be granted. Mays filed objections to the Recommended Disposition on September 4, 2007.

Having reviewed Mays' objections, the Court finds that the Magistrate Judge's recommendations should be adopted and that the relief sought by Mays should be denied. However, because Mays has made a substantia showing of the denial of a constitutional right regarding his claim of improper communication with jurors, the Court will recommend that a Certificate of Appealability issue with respect to that claim.

## I.    BACKGROUND

-1-

Mays was convicted of murder in a jury trial before the Clay Circuit Court in June 1999. The jury found that Mays and his co-defendant, Anthony Simmons, shot and killed Curtis Smith at Britton Branch, in Clay County, on February 6, 1997. According to the testimony presented at trial, Mays received $5,000 for the murder, which he shared with Smith. The jury found Mays guilty as the principal and convicted Simmons as an accomplice, sentencing Mays to life in prison and Simmons to twenty years imprisonment.

On direct appeal, the Kentucky Supreme Court affirmed Mays' convictions in an unpublished decision. *See Mays v. Commonwealth*, No. 1999-SC-0863-MR (Ky. July 28, 2001). Mays then filed a motion for state post-conviction relief pursuant to Kentucky Rule of Criminal Procedure 11.42, alleging ineffective assistance of counsel. According to Mays, his trial counsel was deficient because he failed to object to the prejudicial testimony of the investigator, Detective Mike Hopkins, who stated that he believed that Mays was the trigger-man and that he disbelieved Mays' contention that it was Simmons.

After allowing supplemental pleadings and conducting an evidentiary hearing, the trial court denied May's motion for post-conviction relief. On appeal, the Kentucky Court of Appeals held that Mays' trial counsel should have objected to the testimony, but that no prejudice resulted because Mays could not show that the outcome of the proceedings would have been different. *See Mays v. Commonwealth*, No. 2004-CA-001318-MR (Ky. Ct. App. Dec. 16, 2005).

In his petition to this Court, Mays alleges a number of errors, which the Magistrate Judge thoroughly summarized in his Recommended Disposition as follows:

-2-

1) the state trial court should have conducted a *Remmer* hearing after defense counsel alleged to the trial judge that a juror had engaged in unauthorized communication;

2) the state trial court should have instructed the jury on criminal facilitation to murder as a lesser included offense;

3) the prosecutor improperly vilified the Petitioner during closing argument;

4) the prosecutor improperly commented on Petitioner's constitutional right to remain silent;

5) the prosecutor improperly expressed his personal opinion concerning Petitioner's guilt at both the guilt and penalty phase of trial;

6) the prosecutor played an unredacted and prejudicial interrogation tape that featured inferences, by the interviewing police officer, that Petitioner was being dishonest; and

7) trial counsel provided ineffective assistance by failing to object to Detective Hopkins's testimony.

[Record No. 18, p. 4-5]

The Magistrate Judge concluded that the issue relating to the jury instructions was insufficient to warrant habeas relief, that three of Mays' claims were procedurally defaulted, and that his remaining claims could not succeed on the merits. Accordingly, the Magistrate Judge recommended that Mays' petition be denied and that the government's motion to dismiss be granted.

## II.   STANDARD OF REVIEW

Under 28 U.S.C. § 2254(d)(1), a federal court may grant a writ of habeas corpus only if a claim previously adjudicated in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Additionally, subsection (e) of § 2254 states that,

> [i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e). Thus, this Court must give proper deference to a state court's findings of fact that are supported by the record, absent clear and convincing evidence to the contrary.

## III.   ANALYSIS

Mays filed objections to the Magistrate Judge's Recommended Disposition on September 4, 2007. Through these objections, Mays contends that: (1) the fact that the Magistrate Judge found that several of his claims were procedurally defaulted demonstrates that his appellate counsel was ineffective; (2) the Magistrate Judge and the state court erroneously concluded that Mays could not establish that the result would have been different in the absence of Detective Hopkins' comments under *Strickland*; (3) he was denied due process as a result of the trial judge's failure to hold a *Remmer* hearing concerning the alleged communication with members of the jury; and (4) he was denied a fundamentally fair trial as a result of the prosecutor's statements during closing arguments

### A.   Ineffective Assistance of Counsel

Where, as here, a petitioner asserts ineffective assistance of counsel, he must show that his counsel's performance was highly deficient *and* that this deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668 (1984). For a petitioner to be entitled to

habeas relief, he must show that "the state court's resolution of his claim of ineffective assistance of counsel under *Strickland v. Washington, supra*, 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *Rompilla v. Beard*, 545 U.S. 374, 125 S. Ct. 2456, 2462 (2005) (citing 28 U.S.C. § 2254(d)(1)). "Ineffective assistance under *Strickland* is deficient performance, with performance being measured against an 'objective standard of reasonableness,' 'under prevailing professional norms.'" *Id*. (citations omitted). A Petitioner must then show that there is a reasonable probability that, but for counsel's inadequate performance, the results would have been different. *Strickland*, 466 U.S. at 687. The court's scrutiny of counsel's performance is highly deferential, and counsel is strongly presumed to have rendered adequate assistance and have made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 689; *Bigelow v. Williams*, 367 F.3d 562, 570 (6th Cir. 2004).

Mays asserts two arguments concerning ineffective assistance of counsel. First, he contends that, if the Court finds that his "right to remain silent" claim, "personal opinion of guilt" claim, and "interrogation tape" claim are procedurally defaulted, these defaults demonstrate that his appellate counsel was ineffective under *Evitts v. Lucy*, 469 U.S.367 (1985). The Magistrate Judge concluded that Mays' "right to remain silent" claim was procedurally defaulted because he had not "fairly presented" it in state court, and that the other two claims were defaulted because he failed to contemporaneously object at trial. In particular, regarding the "personal opinion of guilt" and "interrogation tape" claims, the Magistrate Judge found that

Mays had failed to comply with a state procedural rule, that the state court did or would have enforced the rule against him, and that the rule was an "adequate and independent" state ground that foreclosed habeas review.

This Court agrees with the Magistrate Judge's conclusion that these three claims were procedurally defaulted.[1]  Therefore, "federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991) ( holding that the cause and prejudice test applies to cases in which a prisoner "has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule"); *see also Williams v. Anderson,* 460 F.3d 789, 807 (6th Cir. ) (applying the cause and prejudice test to claims that are not "fairly presented" to state courts).

Mays has failed to demonstrate cause, prejudice, or a fundamental miscarriage of justice. Although ineffective assistance of appellate counsel can constitute cause under certain circumstances, such as for "failure to raise a claim of ineffective assistance of trial counsel in a

---

[1]      Mays broadly asserts that the Magistrate Judge "erroneously concluded" that his "right to remain silent" and "personal opinion of guilt" claims were defaulted.  [Record No. 19, p. 1,3]  However, he does not offer any factual or legal support for these assertions and instead argues that these defaults demonstrate ineffective assistance of appellate counsel.  Accordingly, the Court will address Mays' assertion that the defaults show that his counsel was ineffective, but otherwise finds that Mays' broad objections to the conclusion that his claims were procedurally defaulted are insufficient to warrant *de novo* review.  *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (noting that "a general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."); see also *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (noting that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings").

timely fashion," a petitioner must present more than just broad assertions to support his theory. *McCray v. Metrish*, 2007 U.S. App. LEXIS 11266, at * 26-27 (6th Cir. May 11, 2007). "Rather, 'the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" *Lundgren v. Mitchell*, 440 F.3d 754, 763-63 (6th Cir. 2006) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  Mays has failed to establish any specific cause or prejudice in this case.  As to all three claims which the Magistrate Judge found were procedurally defaulted, Mays merely asserts that his attorney was ineffective because he failed to raise the claim on appeal.  It is well-established that "petitioners cannot rely on conclusory assertions of cause and prejudice to overcome procedural default; they must present affirmative evidence or argument as to the precise cause and prejudice produced."  *Id*. at 764.

Additionally, "to establish prejudice, a petitioner advancing an ineffective assistance claim must make the same showing that he would have been required to make to establish that the ineffective assistance itself was prejudicial." *McCray*, 2007 U.S. App. LEXIS 11226, at *27. Under this standard, "the defendant must show that there is a reasonably probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  Here, it is abundantly clear that Mays cannot make such a showing. As the Kentucky Court of Appeals noted in discussing Mays' ineffective assistance of counsel claim,

> in order for the jury to have accepted Mays's version of events, it would have had to have discounted that Simmons first went to police and that Simmons was remorseful over the crime; it would have had to have believed that Simmons concocted his entire story, which implicated a prominent Clay County

businessman, concerning a murder for hire; it would have had to have believed that Simmons and Brenda Smith were having an affair and that Smith owed Simmons a substantial drug debt; it would have had to have believed that the affair and drug debt were a sufficient motive for Simmons to have killed Smith; and it would have had to have believed that the police coerced Mays's April 7, 1998, statement, even to the point of physically choking him into making the statement.

*Mays v. Commonwealth*, No. 2004-CA-001318-MR at 12.

Finally, it is clear that Mays cannot demonstrate that habeas review is necessary to prevent a fundamental miscarriage of justice because "[a] fundamental miscarriage of justice results from the conviction of one who is 'actually innocent." *Lundgren*, 440 F.3d at 764 (quoting *Murray*, 477 U.S. at 496). As discussed above, and despite Mays' contentions to the contrary, this Court agrees with the Magistrate Judge's and the Kentucky Court of Appeal's conclusions that there was "a strong evidentiary case" against Mays such that Mays cannot show that he was prejudiced by his counsel's alleged ineffectiveness or that he was actually innocent. [*See* Record No. 18; *Mays v. Commonwealth*, No. 2004-CA-001318-MR] Accordingly, the Court finds that, because Mays has failed to show either cause, prejudice, or a fundamental miscarriage of justice, it is barred from considering his defaulted claims on habeas review.

Next, Mays contends that the Kentucky Court of Appeals and the Magistrate Judge incorrectly found that he could not meet the second prong of the *Strickland* test with regard to the prejudicial statements made by Detective Hopkins at trial. In support of this contention, Mays asserts that the reviewing courts have inappropriately relied on the testimony of Mays' co-defendant, Simmons, to find that the outcome of the proceedings would not have been different but for the statements of Detective Hopkins.

Where, as here, a state court has already rejected an ineffective assistance of counsel claim, a federal court may grant habeas relief only if that decision was "contrary to, or involved an unreasonable application of, clearly established law." 28 U.S.C. § 2254(d)(1). In the present case, the Kentucky Court of Appeals found that Detective Hopkins' testimony regarding the credibility of Mays was impermissible, but that no prejudice resulted because "there is not a reasonable probability that but for Det. Hopkins's impermissible testimony the jury would have believed Mays's version of events concerning who shot Smith over Simmons's version." *Mays v. Commonwealth*, No. 2004-CA-001318-MR at 9. That court properly applied the test articulated in *Strickland*, and it cannot be said that its decision was "objectively unreasonable." Rather, as the Magistrate Judge expertly summarized in his Recommended Disposition,

> although finding that counsel's performance was objectively unreasonable, the Kentucky Court of Appeals determined that counsel's deficiency did not prejudice Petitioner as a constitutional matter. The state court identified the correct federal standard regarding prejudice and found no "reasonable probability" of a different outcome in the absence of counsel's error. *See Moore v. Parker*, 425 F.3d 250, 253 (6th Cir. 2005); *Lordi v. Ishee*, 384 F.3d 189, 194-95 (6th Cir. 2004). The state court's prejudice analysis, quoted above at length, was thorough, well-supported, and convincing. In view of the evidence and arguments, the Court finds that the state appellate court reasonably applied the prejudice standard to the facts of Petitioner's case. *See Cyars v. Hofbauer*, 383 F.3d 485, 491-93 (6th Cir. 2004).

[Record No. 18, p. 28-29] This Court agrees with the Magistrate Judge's analysis and conclusions. Accordingly, having considered Mays' ineffective assistance of counsel claims *de novo*, this Court concludes that Mays is unable to demonstrate prejudice as result of his counsel's deficiencies. Therefore, his petition will be denied on this ground.

### B.    Due Process

Mays next contends that he was denied due process because the trial judge failed to conduct a *Remmer* hearing regarding an alleged communication between a juror and two women. According to Mays, a trial juror had an unauthorized communication with two women, one of which he believes was the victim's mother. Mays' counsel raised the issue with the trial judge; however, he did not request a hearing, an admonition, or a mistrial. The record reflects that the exact exchange was as follows:

MR. SHORT: Your honor, may I approach for just a second.

BY THE COURT: Yes.

(At the bench)

MR. SHORT: Before we get started on something else. It's come to my attention that there was a conversation in the hallway between the lady that you just spoke to and the blond headed lady and the two women in the red back there in the back. I believe one of them is Mr. Smith's mother.

MR. GREGORY: Who Anthony?

MR. SHORT: The blond headed lady that just spoke up and the two ladies there dressed in the red.

BY THE COURT: I'll inquire into that at some point in time. Let's proceed.

[Record No. 11, Att. 6, p. 1-2] Neither the judge nor Mays' counsel followed-up on the alleged communication.

It is a "basic requirement of due process" that "every defendant in a criminal case receive 'a fair trial by a panel of impartial, indifferent jurors.'" *United States v. Rigsby*, 45 F.3d 120, 122 (6th Cir. 1995) (citing *Irvin v. Dowd*, 366 U.S. 717, 722 (1961)). Accordingly, "juries in criminal cases must be free of outside influences." *Rigby*, 45 F.3d at 122. In *Remmer v. United*

*States*, 347 U.S. 227, 230 (1954), the Supreme Court held that, when an unauthorized juror communication is alleged, the trial court should "determine the circumstances, the impact thereof upon the juror, and whether or not it was prejudicial, in a hearing with all interested parties permitted to participate." *Remmer*, 347 U.S. at 230.

However, the Sixth Circuit has "specifically held that not all communications with jurors warrant a hearing for a determination of potential bias." *White v. Smith*, 984 F.2d 163, 166 (6th Cir. 1993). Rather, for the trial court "to conduct a *Remmer* hearing, 'a defendant must do more than simply raise the possibility of bias.'" *United States v. Vining*, 224 Fed. Appx. 487, 492 (6th Cir. May 31, 2007) (citations omitted). The defendant "must raise a colorable claim of extraneous influence," that is, "one derived from specific knowledge about or a relationship with either the parties or their witnesses." *Id*. at 492-93 (citations omitted). According to the Sixth Circuit, "no presumption of prejudice arises from an unauthorized contact with the jury. . . . [The] Defendant bears the burden of proving actual juror bias." *Id*. at 493 (citing *United States v. Cooper*, 868 F.2d 1505, 1523 (6th Cir. 1989)).

In the present case, as the Magistrate Judge noted in his Recommended Disposition,

> [t]he information provided to the trial court was only a generalized allegation of unknown provenance. A putative hallway conversation somehow had "come to [counsel's] attention." The proffer identified no source for that information. Further, the record does not clearly reflect whether one juror allegedly conversed with two or three women. Nothing in the proffer purports to convey or even suggest the content, length, or context of the discussion, although any contact must surely have been quite public if it occurred in the courthouse hallway. The only suspicious element is counsel's stated (again, foundationless) belief that "one of them [the women] is Mr. Smith's [the victim's] mother." See Tr. at 190. The trial court indicated an interest in the topic, stating an intent to "inquire into that at some point in time." It is not clear whether the court wanted more information from counsel or whether the court intended to examine the juror or women in the

-11-

courtroom.  In any event, the trial court did not initiate and Defendant did not
seek further evaluation of the issue.  Indeed, defense counsel did not request a
hearing, an admonition, or a mistrial in connection with the purported
communication.  *See Mays v. Commonwealth*, No. 1999-SC-0863-MR, at 6-7.
Consequently, the record is undeveloped on review and the claim stands weakly
supported, as a factual matter.

[Record No. 18, p. 19]

The Supreme Court of Kentucky addressed Mays' claim of unauthorized juror contact

on direct appeal and similarly noted that the allegation of contact was unconfirmed and that there

was no evidence concerning what the alleged conversation involved.  That court concluded that,

because it is the defendant's duty "to insist on a ruling" and because the trial judge "admonished

the jury before each recess that they were not to talk to anyone about the case," the jurors were

presumed to have adhered to that admonition in the absence of contrary evidence.  *Mays v.*

*Commonwealth*, No. 1999-SC-0863-MR, at 7.

This Court finds that the Kentucky Supreme Court's decision does not constitute an

unreasonable application of federal law.  It is clear that a defendant who fails to request a hearing

or other relief "bears a heavy burden, since the defendant has thereby effectively deprived this

court of any basis for concluding that a hearing would be necessary."  *United States v. Walker*,

160 F.3d at 1078, 1083 (6th Cir. 1998).  Here, "[b]ased on the sourceless and unsupported nature

of the defense proffer, the absence of any affirmative request for relief by the Defendant at trial,

and the failure of the defense to develop and present the factual basis for an evaluation of the

scenario," this Court finds that Mays has failed meet the "heavy burden" that would entitle him

to habeas relief.  [See Record No. 18, p. 22]  Despite Mays' allegations to the contrary, the trial

court did not prevent defense counsel from requesting a hearing at a later point. [Record No. 11,

-12-

Att 6, p.2]  Although this Court agrees with the Magistrate Judge's conclusions that this matter may be debatable, it does not appear that the Kentucky Supreme Court's decision resulted in a decision contrary to or an unreasonable application of federal law based on the limited record before the Court.

Finally, Mays contends that  he was denied due process as a result of the prosecutor's statements at trial.  Specifically, he contends that his rights were violated because the prosecutor called him a "low-life coward" during closing arguments.  On direct appeal, the Kentucky Supreme Court addressed this argument and concluded that the prosecutor's isolated remark did not deny Mays a fair trial.  *See Mays v. Commonwealth*, No. 1999-SC-0863-MR, at 8.

In determining whether improper comments or action violated a defendant's due process rights, "[t]he correct inquiry is whether the improper comments or actions 'so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Slagle v. Bagley*, 457 F.3d 501, 515 (6th Cir. 2006).  Here, the Kentucky Supreme Court applied the appropriate standard by "focus[ing] on the overall fairness of the trial, *Mays v. Commonwealth*, No. 1999-SC-0863-MR, at 8, and thus "the only issue for this court is whether the [Kentucky] courts unreasonably applied federal law." *Slagle*, 457 F.3d at 515.

This Circuit employs a two-prong test to determine whether a state court reasonably applied the federal standard in holding that prosecutorial misconduct did not render a defendant's trial fundamentally unfair:

> First, this court determines whether the prosecution's conduct or remarks were improper.  If the answer is affirmative, then the court considers four factors to decide whether the improper acts were sufficiently flagrant to warrant reversal: (1) whether the evidence against the defendant was strong; (2) whether the

-13-

conduct of the prosecution tended to mislead the jury or prejudice the defendant; (3) whether the conduct or remarks were isolated or extensive; and (4) whether the remarks were made deliberately or accidentally.

*Slagle*, 457 F.3d at 515-16 (citing *United States v. Carter*, 236 F.3d 777, 783 (6th Cir. 2001)).

The Magistrate Judge found that the statement was improper, but, "as the Kentucky Supreme Court found, that the comments are insufficiently 'flagrant' to warrant habeas relief under the factors identified by the Sixth Circuit." [Record No. 18, p.23]  The Magistrate Judge further noted that the comment occurred "'in the context of a strong evidentiary case against' Mays," that it was an isolated incident and that it had, at most, "a minimal effect on the jury's ability to fairly evaluate and assess the evidence.  [*Id.* at 24 (citing *Slagle*, 457 F.3d at 514-16).]

In his objections, Mays contends that the Magistrate Judge incorrectly relied on the statements of Mays' co-defendant in finding that there was "a strong evidentiary case against" him.  [Record No. 19, p. 12]  He asserts that the Court should view his co-defendant's testimony with a "jaundice eye" considering the "self-serving" nature of the statements.  He further contends that the Magistrate Judge erroneously found that Mays' testimony was "inconsistent" because his "testimony at trial was under 'oath', [but] his statements to police were **not**." [*Id.* (emphasis in original)]

This Court finds that Mays' arguments concerning the credibility of the co-defendant and Mays are without merit.  Mays' credibility was properly challenged through his inconsistent statements, while Simmons provided consistent testimony from the time he voluntarily came forward through his testimony at trial.  *See Mays v. Commonwealth*, No. 2004-CA-001318-MR at 9. The Magistrate Judge and the Kentucky Supreme Court correctly concluded that the

isolated remark by the prosecutor was insufficient to warrant reversal for a new trial. The Kentucky Supreme Court also properly considered the prosecutor's statement in light of the overall fairness at trial and concluded that, "[r]ecognizing the broad latitude which is afforded counsel during closing argument, we are unable to conclude that this isolated remark by the prosecutor denied Mays his right to a fair trial."  [Record No. 11, Att. 2, p. 8]

As the Sixth Circuit noted in *Simpson v. Jones*, 238 F.3d 399, 409 (6th Cir. 2000), "[i]n order to prevail on a claim of prosecutorial misconduct, a habeas petitioner must demonstrate that the statements of the prosecutor 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" Additionally, "to deny due process, the misconduct must be 'so pronounced and persistent that it permeates the entire atmosphere of the trial' or 'so gross as probably to prejudice the defendant." *Simpson*, 238 F.3d at 409 (citing *Pritchett v. Pitcher*, 117 F.3d 959, 964 (6th Cir. 1997)).   Mays has failed to demonstrate that the prosecutor's isolated statement rises to these high standards.  Accordingly, his claim for relief will be denied on this ground.

### C.    Certificate of Appealability

The Magistrate Judge recommended that a Certificate of Appealability issue as to the *Remmer* issue, but otherwise found that Mays has failed to make a "substantial showing" as to his other requests for habeas relief.  [Record No. 18, p. 31]  Under 28 U.S.C. § 2253(c) a Certificate of Appealability may issue if the petitioner has made a "substantial showing of the denial of a constitutional right."  According to the Supreme Court, "[w]here  district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is

straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Mays has not objected to the Magistrate Judge's recommendations concerning the Certificate of Appealability.  And although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objection is made, *see* 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

However, having reviewed the record *de novo*, this Court agrees that Mays has not made a substantial showing of the denial of a constitutional right regarding his claims other than the alleged unauthorized juror communication.  Accordingly, the Court will recommend that the Sixth Circuit Court of Appeals issue a Certificate of Appealability as to the *Remmer* claim, as reasonable jurists may find the issue of the alleged communication between a juror and the victim's mother debatable.

### IV.    CONCLUSION

It is hereby **ORDERED** as follows:

1.    The Magistrate Judge's Recommended Disposition [Record No. 18] is **ADOPTED** and **INCORPORATED** by reference.

2.    Petitioner Rodney Mays' pro se petition for writ of habeas, filed pursuant to 28 U.S.C. § 2254 [Record No. 1] is **DENIED**, with prejudice.

3.      The United States' motion to dismiss [Record No. 12] is **GRANTED**;

4.      This Court recommends that a Certificate of Appealability  issue as to Mays' claim concerning the alleged unauthorized communication under *Remmer*.   However, a Certificate of Appealability shall not issue as to his other claims because Mays has not made a substantial showing of the denial of any substantive constitutional right;

5.      This habeas proceeding shall be **DISMISSED** and **STRICKEN** from the docket.

This 28th day of September, 2007.

Signed By:

*Danny C. Reeves*   DCR

United States District Judge